## No. 11,725.

### HURT v. NEWMYER, ET AL.

Decided March 5, 1928.

Action for damages and injunction. Judgment for defendants.

### *Affirmed.*

1. APPEAL AND ERROR—*Indefinite Objections.* The Supreme Court cannot pass upon assignments of error which are so obscure as to present nothing definite to be ruled upon.

2. EVIDENCE—*Exclusion.* In an action involving the ownership of a ditch, a deed which did not purport to convey, and did not convey a right of way for the ditch in question, was properly excluded when offered in evidence.

3. WATER RIGHTS—*Ownership.* The owner of ditch rights when he acquires them from another, obtains the advantage of the rights of his grantor.

4. APPEAL AND ERROR—*Fact Findings.* Fact findings of the trial court based upon conflicting evidence will not be disturbed on review.

5. PARTIES—*Dismissal.* In a suit for injunction against employer and employes for alleged interference with ditch claimed by plaintiff, a finding that defendant employer was in the right and that his employes were acting in defense of his property is held to justify a dismissal as to them.

*Error to the District Court of Rio Grande County, Hon. J. C. Wiley, Judge.*

Mr. H. M. Howard, for plaintiff in error.

Mr. James P. Veerkamp, for defendants in error.

*Department Two.*

Mr. Justice Adams delivered the opinion of the court.

Hurt sued Frank Newmyer, McClanahan and Al Newmyer for damages and injunction to restrain defendants from interfering with plaintiff's ditch and water rights. McClanahan demurred and the Newmyers filed an answer and cross complaint. On trial without a jury, the court expressly found that Frank Newmyer was the owner of the ditch at the time suit was commenced, and that he and his predecessors in title were the owners and in possession for a period of thirty years or more, during all of which time they used said ditch for the purpose of conveying water to their agricultural lands to irrigate the same; that Hurt had no right, title or interest therein and no right to the use of the same, and that Hurt had been guilty of wrongfully and unlawfully interfering with defendant Frank Newmyer in his use of said ditch, against Newmyer's protest. Accordingly, Hurt was enjoined from such interference. The complaint was dismissed as to McClanahan and Al Newmyer as not necessary parties. Hurt assigns error and brings the case here for review.

1. One of the assignments of error reads: "The court erred in rejecting documentary evidence offered by the plaintiff, namely, the map and statement of his ditch rights." Counsel for plaintiff in error argues this assignment, but we think he must be mistaken as to what actually happened, for we find no rejection of such evi-

dence, even if material. Counsel gives no folio number to assist us, but in his brief speaks of the item as La Garita creek water rights. Such rights do not appear to pertain to the particular issues involved, but at that, as nearly as we can make out from the language of the offer of proof, such offer was not rejected. On the contrary, the evidence seems to have been admitted without objection. (Plaintiff's Exhibit 4, fol. 129.) Notwithstanding this, for some reason the document itself or a copy thereof has not been incorporated in the abstract or transcript, and so we do not know what the instrument contains. Our voluntary quest has been diligent and thorough, but we are hemmed in by the fence line of the record, and at such boundary are compelled to terminate our fruitless speculations as to the meaning of counsel's objection. We must pass it because of its obscurity and the absence of anything definite to rule upon. Even if the missing exhibit has any significance, which we doubt, nevertheless the failure to display it to us is not chargeable to defendants in error.

2. It is claimed that "The court erred in ignoring the positive documentary evidence offered by the plaintiff and admitted by the court." We might under the rules ignore such a catch-all objection, for lack of something definite to put one's finger on. However, we gather from the brief that counsel refers to a water deed from The Rio Grande Canal Company. No doubt plaintiff owned such water right, but it did not convey nor purport to convey a right of way for the ditch in question, and, furthermore, the company could not convey such ditch right because it did not own it. The objection is untenable.

3. Counsel for plaintiff argues as though defendant's rights were not initiated until the latter acquired possession, but it is elementary that he obtained the advantage of the rights of his grantors. Plaintiff's counsel objects to the sufficiency of defendant's evidence. On defendant's part, it was oral, but no error is assigned on its

admission and it was enough to sustain the averments in the answer. This case may be classified with the numberless decisions on conflicting evidence, about which we have so often expressed ourselves. If reversed solely because of conflicting evidence, almost all cases might be reversed on each appeal on the same ground, and tried and retried until the litigants become exhausted. The trial court saw and heard the witnesses, and we shall accept its determination as final.

4. Without unnecessarily minute analysis of the technical grounds of dismissal as to McClanahan and Al Newmyer, it is enough to say that the acts charged against them were, if committed at all, the same acts as those of defendant Frank Newmyer. In other words, they were working for Frank, and the acts of defendants were performed in the lawful defense of the property that the court found was Frank's. Such dismissal was therefore justifiable.

Judgment affirmed.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE BUTLER and MR. JUSTICE CAMPBELL concur.